Per Curiam :
The rule long obtaining in this court is that where a case has been dismissed for want of prosecution it passes out of *396 the jurisdiction of the court at the end of the term during which the dismissal is made unless a motion be made during that term for its reinstatement and remain unacted upon during the term.,, The jurisdiction, then lost, may be again conferred by act of Congress. The late act (38 Stats., 791) requires in terms that all Indian depredation cases “ which have been dismissed by the court for want of proof of citizenship * * * shall be reinstated and readjudicated” by the court. A large number of cases had been submitted to the court and dismissed for want of sufficient proof of the citizenship of the claimant, and before the late act the fact of citizenship was jurisdictional. These cases come within the terms of said act and will be reinstated on motion.
During the years from 1893 to the present many Indian depredation cases have been dismissed by the court upon the defendants’ motion for want of prosecution by the claimants. Said dismissals were made not upon the specific ground that there was not sufficient proof of citizenship, but upon the general ground that the cases were not being prosecuted. In some of these cases it is urged that the claimants in their proof, or the defendants’ proof, showed facts which would under the old statute have defeated a recovery because of a want of citizenship, and consequently it is further urged that the claimants’ attorneys in some cases allowed their dismissal to take place upon the said motion to dismiss without submitting the cases for a distinct ruling on the question of citizenship, it being recognized that they would be dismissed under the latter view.
We are satisfied that it was not the intention of Congress by said act to direct the reinstatement of all Indian depredation cases which had heretofore been dismissed for want of prosecution. The language of the act, if strictly construed, might confer jurisdiction anew only in those cases where the question of citizenship was passed upon by the court and where the particular case was dismissed for that reason. We are disposed, however, to take a more liberal view of the intention of said act and to hold that where, from evidence filed in the case, it was unquestionable that the case must fail for want of citizenship, and the claimant’s attorney ascertaining *397 that fact, and because of it, did not resist the motion to dismiss for want of prosecution, the court will entertain a motion for the reinstatement of such case under the recent act. But the motion to reinstate should show from the evidence taken and filed, or the court records, that the case would have failed upon the jurisdictional issue of citizenship, and that because of that fact the claimant’s attorney of record did not resist the defendants’ motion to dismiss for want of prosecution. In determining whether the motion should be allowed the court will also consider the diligence used by the claimant since said act to secure the reinstatement of the case.